SCOTT M. LOWRY, ESQ. (CA Bar No. 244,504)
E-Mail: Scott@LawLB.com
LOWRY BLIXSETH APC
30423 Canwood St., Ste. 215
Agoura Hills, California 91301
Telephone: 818-584-6460
Facsimile: 818-574-6026

John W. McIlvane (*pro hac vice forthcoming*)
Barry J. Coyne (*pro hac vice forthcoming*)
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Telephone; 412-471-8815
Facsimile: 412-471-4094

*Attorneys for Specialty Fitness Systems, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SPECIALTY FITNESS SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>QLI FITNESS EQUIPMENT LLC, and QLI Co., LTD dba QLI FITNESS EQUIPMENT<br><br>Defendants. | CASE NO. 2:26-cv-11658<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff, Specialty Fitness Systems, LLC ("Plaintiff" or "Specialty Fitness"), for its Complaint against Defendants, QLI Fitness Equipment LLC ("QLI USA") and QLI Co., LTD aka QLI Fitness Equipment Co., Ltd. aka CỒNG TY TNHH DỊCH VỤ VẢ XẤY DỰNG QUYỀN LINH aka QUYEN LINH CONSTRUCTION AND SERVICE COMPANY LIMITED dba QLI Fitness Equipment ("QLI Vietnam") (collectively "Defendants" or "QLI"), alleges as follows:

## NATURE OF PROCEEDINGS

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*., for infringement of three patents. Plaintiff alleges that Defendants infringe at least one claim of U.S. Patent No. 10,052,515, entitled "Adjustable Cam For Exercise Equipment" ("the '515 patent"), a true and correct copy of which is attached hereto as Exhibit A, at least one claim of U.S. Patent No. 9,999,796, entitled "Supplemental Weight Stack For An Exercise Machine" ("the '796 patent"), a true and correct copy of which is attached hereto as Exhibit B, and at least one claim of U.S. Patent No. 11,253,741, entitled "Cam Mechanism For Adjustable Torque Without Cable Slack" ("the ''741 patent"), a true and correct copy of which is attached as Exhibit C.

## PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 455 Allegheny Boulevard, Franklin, PA 16323.

3. On information and belief, Defendant QLI USA is a California limited liability company with its principal place of business located at 14524 S. Garfield Ave., Paramount, CA 90723. *See* Exhibit D attached hereto (QLI USA's California Statement of Information Limited Liability Company). QLI USA's Statement of Information Limited Liability Company, filed with the California Office of the Secretary of State on May 12, 2025, identifies Nhon Nguyen with the address of

14524 S. Garfield Ave., Paramount, CA 90723 as the only manager or member, the agent for service of process, and the Chief Executive Officer (CEO) of QLI USA. *Id.*

4. On information and belief, QLI USA has a showroom at its principal place of business in which it demonstrates, uses, sells, and offers to sell fitness equipment manufactured by QLI Vietnam.

5. On information and belief, Defendant QLI Vietnam is a Vietnamese limited liability company with its principal place of business located at 944/1 Nguyen Thi Minh Khai Street, Tan Thang Quarter, Tan Dong Hiep Ward, Ho Chi Minh City, Vietnam. *See* last page, Exhibit E attached hereto (QLI FITNESS EQUIPMENT 2026 CATALOGUE). On information and belief, QLI Vietnam manufactures exercise equipment that it ships directly to customers and to QLI USA in the United States.

## JURISDICTION AND VENUE

6. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. As such, this Court has original subject matter jurisdiction over the causes of action under 28 U.S.C. § 1331 and § 1338.

7. This Court has personal jurisdiction over Defendant QLI USA due, inter alia, to its incorporation in California, and upon information and belief, its continuous presence in, and systematic contact with, California and this District, in the form of at least a regular and established place of business in this District. This Court also has personal jurisdiction over Defendant QLI USA because, upon information and belief, Defendant QLI USA has committed acts of infringement in this District.

8. This Court has personal jurisdiction over Defendant QLI Vietnam due, inter alia, on information and belief, to its systematic contact with, California and this District, in the form of the importation, sale, and offers to sell products directly to customers. This Court also has personal jurisdiction over Defendant QLI Vietnam because, upon information and belief, Defendant QLI Vietnam has committed acts of

infringement in this District.

9. Plaintiff sells products to customers in California and in this District. In the light of Defendants committing acts of infringement in this District, Plaintiff has suffered harm in this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b) at least because Defendant QLI USA is incorporated in California and subject to personal jurisdiction in this District, and, upon information and belief, Defendant QLI USA has a regular and established place of business in this District, and Defendants have committed acts of infringement in this District.

**THE ASSERTED PATENTS**

11. On August 21, 2018, the ’515 patent was duly and legally issued to inventor Jerry K. Leipheimer from a PCT application filed on March 27, 2015. *See* Exhibit A. The PCT application for the ’515 patent was published on October 1, 2015. *Id*. Specialty Fitness has been, and is today, the assignee and owner of all rights, title, and interest in and to the ’515 patent. *Id*. The ’515 patent claims priority to a provisional application filed on March 28, 2014. *Id*.

12. On June 19, 2018, the ’796 patent was duly and legally issued to inventor Jerry K. Leipheimer from an application filed on September 11, 2015. *See* Exhibit B. The application for the ’796 patent was published on March 17, 2016. *Id*. Specialty Fitness has been, and is today, the assignee and owner of all rights, title, and interest in and to the ’796 patent. *Id*. The ’796 patent claims priority to a provisional application filed on September 12, 2014. *Id.*

13. On February 22, 2022, the ’741 patent was duly and legally issued to inventor Jerry K. Leipheimer from a PCT application filed on March 7, 2018. *See* Exhibit C. The PCT application for the ’741 patent was published on September 13, 2018. *Id*. The US application for the ’741 patent was published on September 16, 2021. *Id*. Specialty Fitness has been, and is today, the assignee and owner of all rights, title, and interest in and to the ’741 patent. *Id*. The ’741patent claims priority

to a provisional application filed on March 7, 2017. *Id.*

## BACKGROUND AND FACTS

14. Plaintiff Specialty Fitness is a leading manufacturer and seller of fitness equipment, including selectorized and plate loaded equipment and power racks, based in Northwest Pennsylvania. Plaintiff was formed in 2014 and sells its fitness equipment under the well-known PRIME brand.

15. In February 2026, Plaintiff learned that one of its dealers/distributors in the United States, Show Me Weights, was selling QLI Fitness branded fitness equipment through their various sales channels that appeared to infringe Plaintiff's patents. Plaintiff learned through this dealer that QLI had a booth at the IHRSA trade show in Las Vegas, NV and that the dealer had purchased the entire booth of QLI Fitness products and was reselling them.

16. In late February 2026, the dealer reached out to QLI regarding concerns that Plaintiff had expressed to the dealer regarding patent infringement by the QLI products. QLI's response to the dealer was: "Thank you for reaching out and informing us about the message you received from Prime Fitness. Regarding the products in our Pro-Axis line, we would like to clarify that our structural mechanism is different from Prime Fitness' design, and these models are already filed under Patent Pending – US Application No. 63/873,802. Therefore, you can rest assured that our Pro-Axis products do not infringe on their patent." That allegedly pending patent was and is not publicly available.

17. Counsel for Plaintiff thus sent a cease-and-desist letter to Defendant QLI Vietnam via email on May 13, 2026, identifying and attaching the '515 and '796 patents, and the application for the '741 patent, alleging that certain of its "Pro Axis line" of products infringed the '515 and '796 Patents, and the claims of the application for the '741 patent, and asking for a copy of the alleged pending QLI patent application. *See* Exhibit F attached hereto. QLI did not respond to that letter by the requested May 25, 2026, date. Counsel for Plaintiff thus sent a second cease and

desist letter to Defendant QLI USA via email and overnight delivery on July 6, 2026, again identifying and attaching the ’515 and ’796 patents and the application for the ’741 patent, again alleging that certain of its “Pro Axis line” of products infringed the ’515 and ’796 patents, and the claims of the application for the ’741 patent, and again asking for a copy of the alleged pending QLI patent application. *See* Exhibit G attached hereto. QLI did not respond to that letter either by the requested, July 22, 2026, date.

18. Defendants’ manufacturing, using, offering to sell, selling, and/or importing certain of their “Pro-Axis line” of fitness equipment infringes directly, literally, or under the doctrine of equivalents, at least some of the claims of the ’515, ’796, and ’741 patents.

19. Defendants’ use of certain of their “Pro-Axis line” of fitness equipment to demonstrate or market their products, and Defendants’ inducement of and contribution to their customers’ use of certain of Defendants’ “Pro-Axis line” of fitness equipment infringes directly, literally, or under the doctrine of equivalents, or indirectly, by inducing infringement by their customers and/or by contributing to the infringement by their customers, certain claims of the ’515, ’796, and ’741 patents.

20. Upon information and belief, Defendants market and sell their “Pro-Axis line” of fitness equipment products to the same or substantially similar customers who purchase Plaintiff’s PRIME branded fitness equipment. Defendants and Plaintiff are thus direct competitors in at least selling and offering to sell fitness equipment.

21. Any infringement by Defendants has caused, is causing, and/or will continue to cause irreparable injury and harm to Plaintiff for which Plaintiff has no adequate remedy at law, including loss of market share.

22. Plaintiff has been and/or will be damaged by Defendants’ infringement, at least in the form of Plaintiff’s lost profits and/or lost licensing revenue due to Defendants’ infringement.

**COUNT I**

**(Federal Patent Infringement of U.S. Patent No. 10,052,515 (35 U.S.C. § 271(a)))**

23. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-22 above.

24. The ’515 patent claims, *inter alia*, a cam assembly and a method of using a cam assembly.

25. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 16 of the ’515 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, importing, offering to sell, and selling products that incorporate the claimed cam assembly and, when used as intended, are operated in a manner that practices the claimed method of using a cam assembly in the United States, namely, certain of their “Pro-Axis line” of products, including without limitation, the QLI PRO-AXIS BICEPS CURL MODEL: QPABC53, QLI PRO-AXIS INCLINE CHEST PRESS MODEL: QPAIP63, QLI PRO AXIS SHOULDER PRESS MODEL: QPASP63, QLI PRO-AXIS LEG EXTENSION MODEL: QPALE47, QLI PRO-AXIS SEATED LEG PRESS MODEL: QPALP74, QLI PRO-AXIS TRICEPS EXTENSION, MODEL: QPATE49, QLI PRO-AXIS SEATED LEG CURL MODEL: QPALC49, and QLI PRO-AXIS SEATED ROW MODEL: QPASR54, QLI AADDUCTOR AND ABDUCTOR QAAMO1, QLI PRO-AXIS CALF RAISE QPACR65, QLI PRO AXIS CHEST PRESS QPACP60, QLI PRO AXIS LATERAL RAISE QPALR62, QLI PRO AXIS PRONE LEG CURL QPAPC84, QLI PRO AXIS TRICEPS DIP QPATD61. *See* Exhibit E.

26. For example, claim 16 of the ’515 patent is reproduced below:

> 16. A method of using a cam assembly comprising the steps of:
>
> engaging an adjustor on a cam;
>
> releasing a connection between the cam and a range plate;

rotating the cam;

releasing the adjustor; and

securing a connection between the cam and the range plate.

27. As a non-limiting example, the Defendants make, use, offer to sell, sell, and/or import the QLI PRO AXIS SHOULDER PRESS MODEL: QPASP63 which, when used as intended, is operated in a manner that literally and/or under the doctrine of equivalents practices all steps of the "method of using a cam assembly" set forth in claim 16. *See* Exhibit E at 13 (QLI FITNESS EQUIPMENT 2026 CATALOGUE).




28. On information and belief, the QLI PRO AXIS SHOULDER PRESS MODEL: QPASP63 is used to practice a "method of using a cam assembly" that includes "engaging an adjustor on a cam" as shown in the QLI video publicly

available including at https://www.facebook.com/reel/1540323117554493. For example, the cam and the adjustor are shown below in a screenshot from that video:

29. On information and belief, the QLI PRO AXIS SHOULDER PRESS MODEL: QPASP63 is used to practice a "method of using a cam assembly" that includes "releasing a connection between the cam and a range plate" as shown in the QLI video publicly available including at https://www.facebook.com/reel/1540323117554493.

30. On information and belief, the QLI PRO AXIS SHOULDER PRESS MODEL: QPASP63 is used to practice a "method of using a cam assembly" that includes "rotating the cam" as shown in the QLI video publicly available including at https://www.facebook.com/reel/1540323117554493. For example, that video shows the cam being rotated in a screenshot from that video as follows:




31. On information and belief, the QLI PRO AXIS SHOULDER PRESS MODEL: QPASP63 is used to practice a "method of using a cam assembly" that includes "releasing the adjustor" as shown in the QLI video publicly available

including at https://www.facebook.com/reel/1540323117554493. For example, rotating and releasing the adjuster by hand is shown below in a screenshot from that video:




32. On information and belief, the QLI PRO AXIS SHOULDER PRESS MODEL: QPASP63 is used to practice a "method of using a cam assembly" that includes "securing a connection between the cam and the range plate" as shown in the QLI video publicly available including at https://www.facebook.com/reel/1540323117554493. The range plate and the cam as connected are shown below in a picture taken from QLI's website (https://qlifitnessequipment.com/product/qli-pro-axis-shoulder-press-qpasp63/ ) and then labelled:




33. Defendants have themselves also directly infringed at least claim 16 of the ’515 patent by practicing the claimed method as shown in publicly available QLI videos including at https://www.facebook.com/reel/1540323117554493.

34. Defendants have further actively induced and/or will actively induce others to infringe at least claim 16 of the ’515 patent in violation of 35 U.S.C. § 271(b) by causing, instructing, encouraging, and/or aiding others to use the method claimed in at least claim 16 of the ’515 patent, and thus causing others to directly infringe at least claim 16 of the ’515 patent, and by making, using, offering to sell, selling, and/or importing in and into the United States their “Pro-Axis line” of products, and by instructing their customers to use their “Pro-Axis line” of products using an infringing method.

35. Defendants have also contributed and/or will contribute to their customers’ direct infringement of the ’515 patent in violation of 35 U.S.C. § 271(c) by providing products, namely their “Pro-Axis line” of products, that are used in the infringing method that are not suitable for any substantial non-infringing use.

36. Upon information and belief, Defendants had actual knowledge of the ’515 patent prior to the filing of this Complaint. Counsel for Plaintiff sent a cease-and-desist letter to Defendant QLI Vietnam via email on May 13, 2026, identifying and attaching the ’515 patent and alleging that certain of its “Pro-Axis line” of

products infringed the ’515 patent. *See* Exhibit F. Counsel for Plaintiff sent a second cease-and-desist letter to Defendant QLI USA via email and overnight delivery on July 6, 2026, identifying and attaching the ’515 patent and alleging that certain of its “Pro-Axis line” of products infringed the ’515 patent. *See* Exhibit G.

37. Upon information and belief, Defendants know or are willfully blind to the fact that their actions have infringed and/or will infringe and have induced and contributed and/or will induce and contribute to infringement of the ’515 patent with the knowledge and intent that one or more claims of the ’515 patent will be infringed.

38. Defendants’ infringement has caused, is causing, and/or will cause Plaintiff to suffer irreparable injury for which Plaintiff has no adequate remedy at law, including loss of market share and customer goodwill. Defendants’ infringement will continue unless enjoined by the Court. Plaintiff is therefore entitled to a preliminary and permanent injunction against Defendants’ further infringement of the ’515 patent.

39. As a direct result of the Defendants’ infringing activities, Plaintiff has been and/or will be damaged in an amount to be determined at trial. Plaintiff is entitled to recover all damages from Defendants and the total profits lost due to Defendants’ infringement in an amount proven at trial, but no less than a reasonable royalty as provided by 35 U.S.C. § 284, before any enhancement for the willfulness of Defendants’ infringement.

**COUNT II**

**(Federal Patent Infringement of U.S. Patent No. 9,999,796 (35 U.S.C. § 271(a))**

40. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-39 above.

41. The ’796 patent claims, *inter alia*, a weight system and a method of engaging a weight stack.

42. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claims 1 and 14 of the ’796 patent in violation of 35 U.S.C. §

271(a) by, for example and without limitation, making, using, importing, offering to sell, and selling products that comprise the claimed weight system and, when used as intended, are operated in a manner that practices the claimed method of engaging a weight stack in the United States, namely, certain of their "Pro-Axis line" of products, including without limitation, the: QLI PRO-AXIS BICEPS CURL MODEL: QPABC53; QLI PRO-AXIS INCLINE CHEST PRESS MODEL: QPAIP63; QLI PRO-AXIS SHOULDER PRESS MODEL: QPASP63; QLI PRO-AXIS LEG EXTENSION MODEL: QPALE47; QLI PRONE LEG CURL MODEL: QPLC078; QLI PRO-AXIS SEATED LEG PRESS MODEL: QPALP74; QLI PRO-AXIS AB CRUNCH MODEL: QPAC52; QLI FIXED LAT PULLDOWN MACHINE MODEL: QFLP60; QLI PRO-AXIS SEATED LEG CURL MODEL: QPALC49; QLI PRO-AXIS SEATED ROW MODEL: QPASR54; QLI PRO-AXIS CHEST PRESS MODEL: QPACP60; QLI PRO-AXIS PRONE LEG CURL MODEL: QPAPC84; QLI PRO-AXIS TRICEPS EXTENSION MODEL: QPATE49; QLI PRO-AXIS LATERAL RAISE MODEL: QPALR62; QLI PRO-AXIS TRICEPS DIP MODEL: QPATD61; QLI ADDUCTOR AND ABDUCTOR MACHINE QAAM01; QLI PRO-AXIS DUAL PEC/FLY MODEL: QPADP64; QLI CHEST FLY MACHINE MODEL: QCFM189; QLI PRO-AXIS CALF RAISE MODEL: QPACR65; QLI PRO-AXIS ROW MACHINE: QPARM63. *See* Exhibit E (QLI FITNESS EQUIPMENT 2026 CATALOGUE).

43. For example, claim 1 of the '796 patent is reproduced below:

1 . A weight system comprising:

a. an engagement mechanism;

b. an adjustment mechanism capable of actuating the engagement mechanism; and

c. at least one weight adapted to receive the engagement mechanism, the at least one weight having a top, a bottom, and two sides, and, a vertical axis from the top

to the bottom,

wherein the engagement mechanism traverses the at least one weight in a circular motion about an axis substantially perpendicular to the vertical axis, and

wherein the adjustment mechanism is vertically movable in conjunction with the at least one weight.

44. As a non-limiting example, the Defendants make, use, offer to sell, sell, and/or import the QLI PRO-AXIS ROW MACHINE: QPARM63 which, upon information and belief, is a "weight system" that comprises all elements of at least claim 1 of the '796 patent and which, when used as intended, is operated in a manner that practices at least all steps of the "method for engaging a weight stack" set forth in claim 14 of the '796 patent. *See* Exhibit E at 16 (QLI FITNESS EQUIPMENT 2026 CATALOGUE).

45. On information and belief, the QLI PRO-AXIS ROW MACHINE: QPARM63 comprises a "weight system" comprising "an engagement mechanism" as shown in the below screen shot taken from a video of the QLI PRO-AXIS ROW MACHINE: QPARM63 shot at the FitExpo 2026 in Anaheim, CA on August 30, 2026, that has been subsequently labelled:



46. On information and belief, the QLI PRO-AXIS ROW MACHINE: QPARM63 comprises a "weight system" comprising "an adjustment mechanism capable of actuating the engagement mechanism" as shown in the below screen shot from a video of the QLI PRO-AXIS ROW MACHINE: QPARM63 shot at the FitExpo 2026 in Anaheim, CA on August 30, 2026, that has been subsequently labelled:




47. On information and belief, the QLI PRO-AXIS ROW MACHINE: QPARM63 comprises a "weight system" comprising "at least one weight adapted to receive the engagement mechanism, the at least one weight having a top, a bottom, and two sides, and, a vertical axis from the top to the bottom" as shown in the below screen shot taken from a video of the QLI PRO-AXIS ROW MACHINE: QPARM63 shot at the FitExpo 2026 in Anaheim, CA on August 30, 2026, that has been subsequently labelled:




Note that on information and belief, the "one weight" receives the "engagement mechanim" (shown in the proceeding paragraphs) in an area behind the "adjustment mechnism" not visible in the above screen shot.

48. On information and belief, the QLI PRO-AXIS ROW MACHINE: QPARM63 comprises a "weight system" wherein "the engagement mechanism traverses the at least one weight in a circular motion about an axis substantially perpendicular to the vertical axis" as shown in the screen shots in the preceding paragraphs showing the QLI PRO-AXIS ROW MACHINE: QPARM63. Publicly available QLI videos of other "Pro-Axis line" of products including at https://www.facebook.com/reel/1540323117554493 featuring the QLI PRO-AXIS SHOULDER PRESS: QPASP63 and as shown in the below screen shot from that video also show a "weight system" wherein "the engagement mechanism traverses

the at least one weight in a circular motion about an axis substantially perpendicular to the vertical axis":




49. On information and belief, the QLI PRO-AXIS ROW MACHINE: QPARM63 comprises a "weight system" wherein "the adjustment mechanism is vertically movable in conjunction with the at least one weight" as shown in the above screen shots taken from a video of the QLI PRO-AXIS ROW MACHINE: QPARM63 shot at the FitExpo 2026 in Anaheim, CA on August 30, 2026. Publicly available QLI videos of other "Pro-Axis line" of products including at https://www.facebook.com/reel/1540323117554493 featuring the QLI PRO-AXIS SHOULDER PRESS: QPASP63 also show a "weight system" wherein "the adjustment mechanism is vertically movable in conjunction with the at least one weight."

50. Defendants have thus directly infringed at least claim 1 of the '796 patent by making, using, importing, offering to sell, and selling the QLI PRO-AXIS ROW MACHINE: QPARM63 and the other identified QLI products referenced herein including without limitation the QLI PRO-AXIS SHOULDER PRESS: QPASP63.

51. Defendants have also directly infringed at least claim 14 of the ’796 patent by using the accused products in a manner that practices the claimed method as shown in publicly available QLI videos including at https://www.facebook.com/reel/1540323117554493 featuring the QLI PRO-AXIS SHOULDER PRESS: QPASP63 and as shown in the screen shots in the preceding paragraphs showing the QLI PRO-AXIS ROW MACHINE: QPARM63.

52. Defendants have further actively induced and/or will actively induce others to infringe at least claim 14 of the ’796 patent in violation of 35 U.S.C. § 271(b) by, upon information and belief, causing, instructing, encouraging, and/or aiding others to use the method claimed in at least claim 14 of the ’796 patent, and thus causing others to directly infringe at least claim 14 of the ’796 patent, and by making, using, offering to sell, selling, and/or importing in and into the United States its “Pro-Axis line” of products, and by instructing their customers to use their “Pro-Axis line” of products using an infringing method as reflected, for example, in the above pictures taken of the QLI PRO-AXIS ROW MACHINE: QPARM63 from QLI’s website.

53. Defendants have also contributed and/or will contribute to their customers; direct infringement of the ’796 patent in violation of 35 U.S.C. § 271(c) by providing products, namely their “Pro-Axis line” of products, that are used in the infringing method that are not suitable for any substantial non-infringing use.

54. Upon information and belief, Defendants had actual knowledge of the ’796 patent prior to the filing of this Complaint. Counsel for Plaintiff sent a cease-and-desist letter to Defendant QLI Vietnam via email on May 13, 2026, identifying and attaching the ’796 patent and alleging that certain of its “Pro-Axis line” of products infringed the ’796 patent. *See* Exhibit F. Counsel for Plaintiff sent a second cease and desist letter to Defendant QLI USA via email and overnight delivery on July 6, 2026, identifying and attaching the ’796 patent and alleging that certain of its “Pro-Axis line” of products infringed the ’796 patent. *See* Exhibit G.

55. Upon information and belief, Defendants know or are willfully blind to the fact that their actions have infringed and/or will infringe and have induced and contributed and/or will induce and contribute to infringement of the ’796 patent with the knowledge and intent that one or more claims of the ’796 patent will be infringed.

56. Defendants’ infringement has caused, is causing, and/or will cause Plaintiff to suffer irreparable injury for which Plaintiff has no adequate remedy at law, including loss of market share and customer goodwill. Defendants’ infringement will continue unless enjoined by the Court. Plaintiff is therefore entitled to a preliminary and permanent injunction against Defendants’ further infringement of the ’796 patent.

57. As a direct result of the Defendants’ infringing activities, Plaintiff has been and/or will be damaged in an amount to be determined at trial. Plaintiff is entitled to recover all damages from Defendants and the total profits lost due to Defendants’ infringement in an amount proven at trial, but no less than a reasonable royalty as provided by 35 U.S.C. § 284, before any enhancement for the willfulness of Defendants’ infringement.

## COUNT III

**(Federal Patent Infringement of U.S. Patent No. 11,253,741 (35 U.S.C. § 271(a))**

58. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-57 above.

59. The ’741 patent claims, *inter alia*, a cam mechanism, an exercise machine comprising a cam mechanism, and a method of adjusting a cam mechanism on an exercise machine.

60. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claims 1 and 19 of the ’741 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, importing, offering to sell, and selling products that comprise the claimed cam mechanism and, when used as intended, are operated in a manner that practices the claimed method of adjusting

a cam mechanism on an exercise machine in the United States, namely, certain of their "Pro-Axis line" of products, including without limitation, the: PRO-AXIS ROW MACHINE MODEL: QPARM63; QLI PRO-AXIS AB CRUNCH MODEL: QPAC52; and PRO-AXIS DUAL PEC/FLY MODEL: QPADP64.

61. For example, claim 1 of the '741 patent is reproduced below:

A cam mechanism comprising:

a cam assembly rotatably mounted to an axis shaft and having a profile arc adapted for receiving a belt or cable;

a belt adjustment lever pivotally mounted to the cam assembly and having a control bearing; and

a cam range slot plate rigidly mounted to the axis shaft and defining a slot in sliding communication with the control bearing of the belt adjustment lever;

wherein the belt adjustment lever is connected to one end of the belt or cable, and the opposite end of the belt or cable is connected to a moveable weight stack; and

wherein the cam assembly is rotatable relative to the cam range slot plate.

62. As a non-limiting example, the Defendants make, use, offer to sell, sell, and/or import the QLI PRO-AXIS ROW MACHINE MODEL: QPARM63 which, upon information and belief, comprises a "cam mechanism" that comprises all elements of at least claim 1 of the '741 patent and, when used as intended, is operated in a manner that practices at least all steps of the "method of adjusting a cam mechanism on an exercise machine" set forth in claim 19 of the '741 patent. *See* Exhibit E at 16 (QLI FITNESS EQUIPMENT 2026 CATALOGUE).

63. For example, on information and belief, with reference to claim 1 of the '741 patent, the QLI PRO-AXIS ROW MACHINE MODEL: QPARM63 is a "cam mechanism" that comprises "a cam assembly rotatably mounted to an axis shaft and

having a profile arc adapted for receiving a belt or cable" as shown below in a picture taken from QLI's website (https://qlifitnessequipment.com.vn/en/product/qli-pro-axis-row-machine-qparm63/) and then labelled:




64. On information and belief, the QLI PRO-AXIS ROW MACHINE MODEL: QPARM63 comprises "a belt adjustment lever pivotally mounted to the cam assembly and having a control bearing" as shown above and below in pictures taken from QLI's website (https://qlifitnessequipment.com.vn/en/product/qli-pro-axis-row-machine-qparm63/) and then labelled:




65. On information and belief, the QLI PRO-AXIS ROW MACHINE

MODEL: QPARM63 comprises "a cam range slot plate rigidly mounted to the axis shaft and defining a slot in sliding communication with the control bearing of the belt adjustment lever" as shown above and below in the pictures taken from QLI's website (https://qlifitnessequipment.com.vn/en/product/qli-pro-axis-row-machine-qparm63/) and then labelled.




66. On information and belief, the QLI PRO-AXIS ROW MACHINE MODEL: QPARM63 comprises "wherein the belt adjustment lever is connected to one end of the belt or cable, and the opposite end of the belt or cable is connected to a moveable weight stack;" as shown below in the picture taken from QLI's website (https://qlifitnessequipment.com.vn/en/product/qli-pro-axis-row-machine-qparm63/) and then labelled.



67. On information and belief, the QLI PRO-AXIS ROW MACHINE MODEL: QPARM63 comprises "wherein the cam assembly is rotatable relative to the cam range slot plate" as shown below in the picture taken from QLI's website (https://qlifitnessequipment.com.vn/en/product/qli-pro-axis-row-machine-qparm63/) and then labelled:




68. Defendants have thus directly infringed at least claim 1 of the '741 patent by making, using, importing, offering to sell, and selling the QLI PRO-AXIS ROW MACHINE MODEL: QPARM63 and the other identified QLI products referenced herein. Defendants have also directly infringed at least claim 19 of the '741 patent by using and demonstrating the QLI PRO-AXIS ROW MACHINE MODEL: QPARM63 and the other identified QLI products referenced herein in a manner that practices the claimed method.

69. Defendants have further actively induced and/or will actively induce others to infringe at least claim 19 of the '741 patent in violation of 35 U.S.C. § 271(b), on information and belief, by causing, instructing, encouraging, and/or aiding others to use the method claimed in at least claim 19 of the '741 patent, and thus causing others to directly infringe at least claim 19 of the '741 patent, and by making, using, offering to sell, selling, and/or importing in and into the United States their "Pro Axis line" of products, and by instructing their customers to use their "Pro Axis line" of products using an infringing method as reflected, for example, in the above pictures taken from QLI's website showing the QLI PRO-AXIS ROW MACHINE

MODEL: QPARM63.

70. Defendants have also contributed and/or will contribute to their customers' direct infringement of the '741 patent in violation of 35 U.S.C. § 271(c) by providing products, namely their "Pro-Axis line" of products, that are used in the infringing method that are not suitable for any substantial non-infringing use.

71. Upon information and belief, Defendants had actual knowledge of the '741 patent prior to the filing of this Complaint. Counsel for Plaintiff sent a cease-and-desist letter to Defendant QLI Vietnam via email on May 13, 2026, identifying and attaching the application for the '741 patent and alleging that certain of its "Pro-Axis line" of products infringed the claims of the application that issued as the'741 patent. *See* Exhibit F. Counsel for Plaintiff sent a second cease and desist letter to Defendant QLI USA via email and overnight delivery on July 6, 2026, identifying and attaching the application for the '741 patent and alleging that certain of its "Pro-Axis line" of products infringed the claims of the application that issued as the '741 patent. *See* Exhibit G.

72. Upon information and belief, Defendants know or are willfully blind to the fact that their actions have infringed and/or will infringe and have induced and contributed and/or will induce and contribute to infringement of the '741 patent with the knowledge and intent that one or more claims of the '741 patent will be infringed.

73. Defendants' infringement has caused, is causing, and/or will cause Plaintiff to suffer irreparable injury for which Plaintiff has no adequate remedy at law, including loss of market share and customer goodwill. Defendants' infringement will continue unless enjoined by the Court. Plaintiff is therefore entitled to a preliminary and permanent injunction against Defendants' further infringement of the '741 patent.

74. As a direct result of the Defendants' infringing activities, Plaintiff has been and/or will be damaged in an amount to be determined at trial. Plaintiff is entitled to recover all damages from Defendants and the total profits lost due to

Defendants' infringement in an amount proven at trial, but no less than a reasonable royalty as provided by 35 U.S.C. § 284, before any enhancement for the willfulness of Defendants' infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter Judgment against Defendants as follows:

1. A Judgment that the '515 patent has been infringed by Defendants;
2. A Judgment that the '796 patent has been infringed by Defendants;
3. A judgement that the '741 patent has been infringed by Defendants;
4. An award of damages adequate to compensate Plaintiff for the infringement in the form of at least a reasonable royalty and/or Defendants' profits resulting from the infringement, together with prejudgment interest from the date the infringement began;
5. Any damages permitted in the Court's equitable discretion;
6. A finding that this case is exceptional under 35 U.S.C. § 285 and an award to Plaintiff of its attorneys' fees, costs, and expenses in this action;
7. An injunction permanently enjoining Defendants, their affiliates, officers, directors, employees, agents, licensees, subsidiaries, successors, and assigns, and any and all persons acting in privity or in concert with any of them who receive notice of the injunction, including distributors, sales representatives, and customers, from further acts of infringement of the '515 patent, the '797 patent, and the '741 patent; and
8. Such other and further relief as the Court may deem just and proper.

///

///

///

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury for all issues triable by a jury.

Dated: October 6, 2026

Respectfully submitted,

/s/Scott M. Lowry

Scott M. Lowry, Esq.
Lowry Blixseth APC
30423 Canwood St., Ste. 215
Agoura Hills, California 91301
Telephone: 818-584-6460
Facsimile: 818-574-6026

John W. McIlvaine (*pro hac vice* forthcoming)
Barry J. Coyne (*pro hac vice* forthcoming)
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Phone: 412-471-8815
Fax: 412-471-4094

*Attorneys for Specialty Fitness Systems, LLC*